IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: James R. Bryant ) Case Number 18-15534
) Chapter 13 Proceedings
Debtor(s) ) Judge Jessica E. Price Smith

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION

Now comes LAUREN A. HELBLING, the duly appointed and qualified Standing Chapter 13 Trustee (the "Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1. The Debtor(s) filed for bankruptcy relief on September 13, 2018.

2. The 341(a) Meeting of Creditors held on October 31, 2018 was concluded and the confirmation hearing is scheduled for November 29, 2018 at 9:30 AM.

3. The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ WAGE ORDER: There is no wage order in place, as mandated by Administrative Order 17-3, or the wage order in place is deficient. Specifically, ____.

☐ RECENT TAX RETURN: The Debtor has failed to supply the Trustee with a copy of the federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return was filed [§521(e)(2) and §1325(a)(1) of the Bankruptcy Code].

☐ FEASIBILITY: The plan is not feasible in that it exceeds sixty months [§1322(d)]. To complete the plan as currently offered within a sixty month period would require a monthly payment of ____.

☐ CONDUIT: The Debtor has not provided for the payment of ongoing mortgage payments through the plan, or the Debtor has not filed a motion to opt out of the conduit mortgage system mandated by Administrative Order 17-4.

☐ PLAN: The Debtor has not used the form plan mandated by Bankruptcy Rule 3015(c). Specifically, ____.

■ PROSECUTION: Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor [§521 (a)(3)]:
  ☐ Recent pay advices for the Debtor. Specifically, ____.
  ☐ Recent pay advices for the non-filing spouse.
  ☐ Recent federal income tax return for the non-filing spouse.
  ■ Evidence of income from pensions and disability.
  ☐ Affidavit from ____ for his/her/their contribution of ____ /month.
  ☐ Business information for each business owned by the Debtor:
    ☐ Completed business questionnaire with supporting financial information.
    ☐ Two years recent federal income tax returns.
    ☐ Balance Sheet as of the date of the bankruptcy filing.

- ☐ Income and Expense Statement for the twelve-month period prior to the date of the bankruptcy filing.
- ☐ Projected month-to-month Cash Flow Statement for the twelve-month period following the date of the bankruptcy filing.
- ☐ A statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income, as required by Schedule I, line 8a.
- ☐ Other: _____.
- ☐ Other: _____.

☐ Payment advices and/or other documentation of all income received during the six month period prior to the month the bankruptcy petition was filed.

☐ Evidence of payment of all domestic support obligations that have become payable under said obligation since the date of filing of the petition [§1325(a)(8)].

☐ Depository and/or investment account statements for the month the bankruptcy petition was filed and the preceding _____ months.

☐ Other: _____.
☐ Other: _____.
☐ Other: _____.
☐ Other: _____.

■ OMITTED CLAIM(S): The plan fails to provide for claims that should or must be specifically referenced in the plan [§1322(b)(5), and/or §1325(a)(5)]. Specifically, the plan fails to provide for the Cuyahoga County Treasurer.

☐ DOMESTIC SUPPORT OBLIGATION(S): The Trustee has reason to believe the Debtor has a domestic support obligation but the Debtor has not supplied the Trustee with the information which would allow the Trustee to perform the Trustee's duties mandated by §1302(d).

☐ FIXED PAYMENT(S): The plan either does not provide for monthly payments to creditors in Paragraphs 3.1, 3.2, 3.3, 3.4, 5.2, and/or 5.3, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [§1325 (a)(5)].

☐ APPLICABLE COMMITMENT PERIOD: The Debtor has designated the incorrect applicable commitment period on Form 122C-1.

☐ DISPOSABLE INCOME: The Trustee either does not believe or cannot determine if the Debtor is devoting all projected disposable income for the applicable commitment period to unsecured creditors [§1325(b)(1)(B)]. Specifically, _____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment increased to _____.

☐ LIQUIDATION: The Trustee believes the plan does not provide unsecured creditors with an amount equal to or greater than they would receive in a Chapter 7 liquidation proceeding [§1325 (a)(4)]. Specifically, _____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment increased to _____.

- ☒ GOOD FAITH: The Trustee believes the Debtor has not offered the plan in good faith [§1325(a)(3)]. Specifically, the plan will complete in only 10 months. Furthermore, the Debtor's budget shows he can afford a plan payment of $2,923.63 but is only offering $1,511.00 per month.
  The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment increased to _____.

- ☐ NOTICING: The Debtor has failed to file a certificate of service evidencing that creditors have been properly served with the:
  ☐ Chapter 13 plan.
  ☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

- ☒ PLAN PROVISIONS: The Trustee disagrees with the treatment of plan paragraphs 1.1 and 5.1 for the following reasons: The Debtor has provided for creditors in Part 3.2, yet failed to check Part 1.1 giving notice to creditors a provision is in Part 3.2. The Debtor has failed to complete the first two sections of Part 5.1. The Debtor has completed the "equity" section of Part 5.1. That section should remain blank.

- ☐ OTHER: _____.

- ☐ OTHER: _____.

- ☐ OTHER: _____.

- ☐ OTHER: _____.

4. This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

5. The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays this Court deny confirmation of the proposed plan for the foregoing reasons and requests the case be dismissed.

/S/ Lauren A. Helbling
LAUREN A. HELBLING (#0038934)
Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268    Fax (216) 621-4806
Ch13trustee@ch13cleve.com

# CERTIFICATE OF SERVICE

I certify that on November 2, 2018, copies of this Trustee's Objection to Confirmation were served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Joseph M. Romano, Attorney, on behalf of Debtor at
        jromanolaw@sbcglobal.net

And by regular U.S. mail, postage prepaid, on:

    James R. Bryant, Debtor at 23465 Cannon Road, Bedford Heights, OH 44146

    /S/ Lauren A. Helbling
    LAUREN A. HELBLING (#0038934)
    Chapter 13 Trustee
    200 Public Square, Suite 3860
    Cleveland OH 44114-2321
    Phone (216) 621-4268    Fax (216) 621-4806
    Ch13trustee@ch13cleve.com

LAH/